# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

E-FILED
Tuesday, 31 January, 2006 02:31:40 PM
Clerk, U.S. District Court, ILCD

NOTICE OF ISSUANCE OF MANDATE

DATE: January 27, 2006

TO: John M. Waters
United States District Court
Central District of Illinois
151 U.S. Courthouse
600 E. Monroe Street
United States Courthouse & Federal Building
Springfield, IL 62701

FROM: Gino J. Agnello, Clerk

RE: 05-3178
USA v. Cortez-Mendez, C.
04 CR 30063, Jeanne E. Scott, Judge

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

[ ] No record filed
[X] Original record on appeal consisting of:

**ENCLOSED:**                                              **TO BE RETURNED AT LATER DATE:**
[1]    Volumes of pleadings                                [ ]
[ ]    Volumes of loose pleadings                          [ ]
[1]    Volumes of transcripts                              [ ]
[ ]    Volumes of exhibits                                 [ ]
[ ]    Volumes of depositions                              [ ]
[4]    In Camera material                                  [ ]
[ ]    Other_____                [ ]

       Record being retained for use                       [ ]
       in Appeal No. _____

Copies of this notice sent to:        Counsel of record
[X]    United States Marshal
[X]    United States Probation Office

**NOTE TO COUNSEL:**
If any physical and large documentary exhibits have been filed in the above-entitled cause, they are to be withdrawn ten days from the date of this notice. Exhibits not withdrawn during this period will be disposed of.

Please acknowledge receipt of these documents on the enclosed copy of this notice.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Received above mandate and record, if any, from the Clerk, U.S. Court of Appeals for the Seventh Circuit

Date: 1-30-06                                s/M. Cooke
(1071-120397)                                _____ District Court

# United States Court of Appeals

For the Seventh Circuit

Chicago, Illinois 60604

JUDGMENT- WITHOUT ORAL ARGUMENT

Date: January 5, 2006

BEFORE:        Honorable RICHARD A. POSNER, Circuit Judge

               Honorable DANIEL A. MANION, Circuit Judge

               Honorable ILANA DIAMOND ROVNER, Circuit Judge

No. 05-3178

UNITED STATES OF AMERICA,
          Plaintiff - Appellee
  v.

CARLOS CORTEZ-MENDEZ,
          Defendant - Appellant


Appeal from the United States District Court for the
Central District of Illinois
No. 04 CR 30063, Jeanne E. Scott, Judge

　　　The appeal is DISMISSED, in accordance with the decision of this court entered on this date.


(1060-110393)

**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals
For the Seventh Circuit
Chicago, Illinois 60604

Submitted January 4, 2006
Decided January 5, 2006

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3178

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Central District of Illinois |
| v. | No. 04-30068-001 |
| CARLOS CORTEZ-MENDEZ, *Defendant-Appellant.* | Jeanne E. Scott, *Judge.* |

**O R D E R**

Carlos Cortez-Mendez was removed from the United States following his Illinois conviction for possession of a controlled substance with intent to deliver. He returned to the United States illegally, and the state returned him to prison for violating his parole. Federal authorities discovered Cortez-Mendez in Logan Correctional Center and charged him with being present in the United States without permission after his removal. *See* 8 U.S.C. § 1326(a). Cortez-Mendez pleaded guilty to the charge, and the district court sentenced him to 46 months' imprisonment, three years' supervised release, and a $100 special assessment. Appointed counsel filed a notice of appeal but now moves to withdraw because he cannot discern a nonfrivolous basis for appeal. *See Anders v. California*, 386 U.S. 738 (1967). Cortez-Mendez accepted our invitation to respond to his lawyer's

No. 05-3178	Page 2

*Anders* brief, *see* Cir. R. 51(b), but presents no potential arguments, so we limit our review to those identified by counsel. *See United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997).

In his brief, counsel first advises that Cortez-Mendez does not want his guilty plea set aside. Thus counsel correctly avoids framing any potential issue about the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670-71 (7th Cir. 2002).

Counsel then considers whether Cortez-Mendez could now argue that his offense level was improperly increased by 16 levels when the court determined that his Illinois conviction for possession of a controlled substance with intent to deliver constitutes a "drug trafficking offense." *See* U.S.S.G. § 2L1.2(b)(1)(A)(I). Any challenge to the increased offense level would be reviewed for plain error because Cortez-Mendez did not raise this objection in the district court. *See United States v. Jaimes-Jaimes*, 406 F.3d 845, 848-49 (7th Cir. 2005). The guidelines define "drug trafficking offense" for purposes of § 2L1.2(b)(1) as "an offense under federal, state, or local law that prohibits the . . . possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense." U.S.S.G. § 2L1.2 cmt. n.1(B)(iv); *United States v. Palacio-Quinonez*, No. 05-10323, 2005 WL 3160279, at *2 (5th Cir. Nov. 29, 2005). This definition is enough to render frivolous any contention that Cortez-Mendez's prior drug conviction is not a "drug trafficking offense."

Counsel also evaluates whether Cortez-Mendez might argue that his prison sentence is unreasonable. We have held that a sentence within a properly calculated guideline range is presumptively reasonable, *United States v. Paulus*, 419 F.3d 693, 700 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005), so Cortez-Mendez would have to persuade us that the presumption falls away in this case. Counsel proposes two reasons why the presumption should give way but rejects both as frivolous. We take them in turn.

First, counsel explores whether Cortez-Mendez could argue that his prison term is unreasonable because the government's three-month delay in bringing the § 1326(a) charge effectively kept him from requesting that his federal sentence run concurrently with his state time. The district judge considered and rejected this argument, reasoning that the delay was not inordinate. We would agree, though the characterization does not matter; preindictment delay is significant only if it impairs a defendant's right to a fair trial, *see United States v. Marion*, 404 U.S. 307, 324-25 (1971); *United States v. Miner*, 127 F.3d 610, 615 (7th Cir. 1997), and Cortez-Mendez has never contended that he suffered that kind of harm. We note, too, that the district judge would not have been required to impose a concurrent

No. 05-3178                                                                                   Page 3

sentence even if the charge had been brought sooner. *See* 18 U.S.C. § 3584(a); U.S.S.G. § 5G1.3 cmt. n.3(C).

Second, counsel explores whether Cortez-Mendez could argue that in his case a prison term within the guideline range is unreasonable because, he says, he would have received a sentence below the guideline minimum had he been prosecuted in a jurisdiction that participates in the government's "fast track" program for § 1326(a) offenders. *See, e.g., United States v. Morales-Chaires*, No. 05-1190, 2005 WL 3307395 (10th Cir. Dec. 7, 2005). In rejecting this argument, the district court correctly observed that the record includes no evidence that Cortez-Mendez would have qualified for "fast track" consideration if it were available to him in the Central District of Illinois. Moreover, even where the program is available, the sentencing court has discretion to reject the government's recommendation for a reduced sentence. *See* U.S.S.G. § 5K3.1. In this case, the district court considered the factors set forth in 18 U.S.C. § 3553 as well as Cortez-Mendez's arguments for a reduced sentence, noting that Cortez-Mendez's credibility before the court was "not good" because the court did not believe Cortez-Mendez's assertion that he was unaware he could not return to the United States without permission. Because a judge is not obliged to accept arguments for imposing a discretionary sentence below the guideline range, it would be frivolous for Cortez-Mendez to challenge the reasonableness of his prison term on this record. *See United States v. Gipson*, 425 F.3d 335, 337 (7th Cir. 2005).

Counsel's motion to withdraw is GRANTED, and, given our agreement with counsel that this appeal is frivolous, Cortez-Mendez's motion for substitute counsel is DENIED. The appeal is DISMISSED.